711 So.2d 346 (1998)
Mr. and Mrs. Edgar LEON
v.
DETERS CUSTOM HOMES, INC. and Carpet Showcase, Inc.
No. 97 CA 0772.
Court of Appeal of Louisiana, First Circuit.
April 8, 1998.
*347 Mickey S. deLaup and Elizabeth M. Truett, Metairie, for Plaintiffs-Appellants Mr. and Mrs. Edgar Leon.
Martha L. Jumonville, Covington, for Defendant-Appellee Deters Custom Homes Inc.
Richard L. Muller and Sylvia G. Muller, Covington, for Defendant-Appellee Carpet Showcase, Inc.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
LOTTINGER, Chief Judge.
On October 2, 1995, plaintiffs, Mr. and Mrs. Edgar Leon, filed a petition for damages, redhibition and/or quanti minoris, and breach of contract. Named as defendants were Deters Custom Homes, Inc. (Deters) and Carpet Showcase, Inc. (Carpet Showcase).[1]
In their petition, plaintiffs made the following allegations:
(1) In 1993, plaintiffs entered into a contract with Deters and purchased a home located at 761 Massena in Mandeville, Louisiana.
(2) After moving into the home, plaintiffs became aware of a sizable lump in the floor of the living room. The carpet in that area was removed and an unsightly patch resulted from work requested by Deters and performed by Carpet Showcase, with the last attempt at repair occurring on October 7, 1994. Despite repeated requests, the carpet in this room has never been satisfactorily repaired.
(3) After residing in the home, plaintiffs discovered that the other surrounding properties built by Deters drain onto their property, causing the backyard of the property to become filled with water when it rains. Despite repeated requests this problem has not been repaired or alleviated by Deters. This problem continues to increase as Deters continues to build homes in the area.
(4) In September of 1995, plaintiffs noticed a man on their property who advised that he was surveying their property and the levels of their property as well as the levels of the surrounding property, presumably at the request of or on behalf of Deters, as it is obvious that there are drainage problems in the area involving homes built by Deters.
(5) Plaintiffs contend that they would not have purchased this home from Deters and/or would not have purchased the home for the price they paid had they known of these defects in construction of the property.
Thereafter, plaintiffs filed a first supplemental and amending petition in June of 1996, alleging that the drainage problems and resulting damage to their property by the actions of Deters were continuous and ongoing. The petition specifically alleged several actions taken by Deters and by plaintiffs to correct the drainage problem since the filing of the initial petition.
In response to plaintiffs' petitions, Deters filed a peremptory exception pleading the objections of no cause of action and prescription. Deters contended that the New Home Warranty Act, La. R.S. 9:3150 et seq. (NHWA) provides the exclusive remedies, warranties and prescriptive periods as between builder and owner relative to home construction, and no other provisions of law relative to warranties and redhibitory vices and defects shall apply. Thus, Deters asserted that plaintiffs failed to state a cause of action under the Act. Deters further contended that plaintiffs' claims had prescribed under the provisions of the NHWA.
After a hearing, the trial court rendered judgment, sustaining Deters' peremptory exceptions of no cause of action and prescription. Thereafter, plaintiffs filed a motion for new trial which was denied by the trial court.
It is from this judgment that plaintiffs now appeal.

*348 DISCUSSION
The peremptory exception pleading the objection of no cause of action is a procedural device used to test whether, under the allegations of the petition, the law affords any remedy for the grievance asserted. Stafford Construction Company, Inc. v. Terrebonne Parish School Board, 612 So.2d 847, 850 (La.App. 1st Cir.1992), writ denied, 614 So.2d 82 (La.1993); Ward v. Tenneco Oil Company, 564 So.2d 814, 820 (La.App. 3rd Cir.1990). The purpose of this objection is to determine the legal sufficiency of a petition, and for purposes of ruling on the exception pleading the objection of no cause of action, the court must accept all well-pleaded facts in the petition and any annexed documents as true. Ostheimer v. Venvirotek of Louisiana, Inc., 95-2126, p. 7 (La.App. 1st Cir. 4/30/96); 674 So.2d 337, 343. The court should sustain the exception only if the law affords no remedy under any evidence that is admissible under the pleadings. No evidence may be introduced to support or controvert the objection of no cause of action. La. C.C.P. art. 931.
La. R.S. 9:3150 of the NHWA provides as follows:
This Chapter provides the exclusive remedies, warranties, and prescriptive periods as between builder and owner relative to home construction and no other provisions of law relative to warranties and redhibitory vices and defects shall apply. Nothing herein shall be construed as affecting or limiting any warranty of title to land or improvements.
La. R.S. 9:3144 provides the warranties and exclusions under the NHWA. Specifically, subsection (A) provides as follows:
A. Subject to the exclusions provided in R.S. 9:3144(B), every builder warrants the following to the owner:
(1) One year following the warranty commencement date, the home will be free from any defect due to noncompliance with the building standards.
(2) Two years following the warranty commencement date, the plumbing, electrical, heating, cooling, and ventilating systems exclusive of any appliance, fixture, and equipment will be free from any defect due to noncompliance with the building standards.
(3) Ten years following the warranty commencement date, the home will be free from major structural defects due to noncompliance with the building standards.
Deters contends that, based upon all of the facts alleged in plaintiffs' petitions, the NHWA is the exclusive remedy between these parties because Deters is a "builder" and plaintiffs are the "owners" of the home in question.[2]
The mere fact that Deters is a "builder" and plaintiffs are the "owners" of a home does not conclusively establish that the NHWA is the only remedy available to plaintiffs. A review of the facts alleged concerning the drainage problem in plaintiffs' petitions reflect that the allegations stem from Deters' construction of other homes on the property surrounding their home. Clearly, these allegations are not covered by the NHWA.[3]
Additionally, one stated purpose of the NHWA is to provide for uniform building standards in those parishes and municipalities *349 that have not yet adopted building codes, and requiring that all new residential buildings comply with building standards. La. R.S. 9:3141. "Building standards" is defined in La. R.S. 9:3143(2) as follows:
[T]he standards contained in the building code, mechanical-plumbing code, and electrical code, and electrical code in effect in the parish, city, or other local political subdivision where a home is to be located, at the time construction of that home is commenced, or, if the parish, city, or other local political subdivision has not adopted such codes, the Standard Building Code, together with any additional performance standards, if any, which the builder may undertake to be in compliance.
Because this case is before this court for a review of exceptions, the record contains no evidence of what, if any, building standards would be applicable to the present case, and whether the defects complained of would be covered by said building standards. It is also unclear whether the NHWA would be applicable in the absence of building standards.
Further, it occurs to this court that, if the last attempt at repairing the carpet was less than one year from the date suit was filed, perhaps prescription was interrupted during the attempted repairs so that prescription has not run.
Based upon the foregoing reasons, we find that the trial court erred in sustaining Deters' peremptory exception pleading the objection of no cause of action.[4] Because the trial court sustained Deters' exception of prescription based solely on the applicability of the NHWA, we reverse the trial court's ruling on this exception as well.

CONCLUSION
The judgment of the trial court, sustaining Deters' peremptory exception pleading the objections of no cause of action and prescription, is hereby reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to defendant, Deters Custom Homes, Inc.
REVERSED AND REMANDED.
NOTES
[1] Carpet Showcase is not a party to this appeal pending before this court.
[2] La. R.S. 9:3143(1) defines "builder" as "any person, corporation, partnership, or other entity which constructs a home, including a home occupied initially by its builder as his residence." La. R.S. 9:3143(6) defines "owner" as "the initial purchaser of a home and any of his successors in title to a home during the time the warranties provided under this Chapter are in effect."
[3] If there are two or more items of damages or theories of recovery which arise out of the operative facts of a single transaction or occurrence, a partial judgment on an exception of no cause of action should not be rendered to dismiss one item of damages or theory of recovery. Everything On Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1239 (La.1993). La.Code Civ. Pro. art. 1915, as amended pursuant to 1997 La. Acts No. 483, § 2, may now allow a partial judgment sustaining an exception of no cause of action. However, this Court has determined that the amendment to La.Code Civ. Pro. art. 1915 should be applied prospectively to initial rulings, either oral or written, issued on or after July 1, 1997, the effective date of the Act. Morgan v. The Earnest Corporation, 97-0869 (La.App. 1st Cir. 11/7/97); 704 So.2d 272, writ denied, 97-3031 (La.2/20/98); 709 So.2d 775.
[4] We note that plaintiffs' allegations, if proved at trial, may establish a claim under La. C.C. art. 667 which provides as follows:

Although a proprietor may do with his estate whatever he pleases, still he cannot make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him. However, if the work he makes on his estate deprives his neighbor of enjoyment or causes damage to him, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known that his works would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case. Nonetheless, the proprietor is answerable for damages without regard to his knowledge or his exercise of reasonable care, if the damage is caused by an ultrahazardous activity. An ultrahazardous activity as used in this Article is strictly limited to pile driving or blasting with explosives.