921 So.2d 963 (2006)
Jerome and Pamela CARTER
v.
Glen DUHE, Duhe Construction, Inc., Certainteed Roofing Company, and Jackson Insurance Company.
No. 2005-CC-0390.
Supreme Court of Louisiana.
January 19, 2006.
*964 Blue Williams, LLP, Richard Stephen Vale, Donald C. Douglas, Jr., Mandeville, for applicant.
Phelps Dunbar, LLP, Neil Charles Abramson, New Orleans, Adams & Reese, LLP, Megan Elizabeth Haggerty, for respondent.
Nancy A. Richeaux, Sharon Baskin Kyle, Baton Rouge, James Leslie Hilburn, for Amicus Curiae, Louisiana Home Builders Association, Inc.
VICTORY, J.[*]
The issue in this case is whether a builder's failure to provide the owners of a newly constructed home with written notice of the requirements of the New Home Warranty Act ("NHWA") renders the NHWA inapplicable to a suit by the owners against the builder alleging defects in the construction of the home. After reviewing the record and the applicable law, we reverse the decision of the court of appeal and hold that the NHWA provides the exclusive remedies, warranties, and peremptive periods as between the builder and owner relative to new home construction, regardless of the builder's failure to *965 give the owners notice of the NHWA's requirements.

FACTS AND PROCEDURAL HISTORY
In 1998, Jerome and Pamela Carter (the "Carters") entered into a contract with Glen Duhe and Duhe Construction, Inc. ("Duhe") for the construction of a new home in LaPlace, Louisiana, on property already owned by the Carters. The contract set forth the terms governing the timing, amount of payments, and completion date of construction. According to the Carters, upon moving into their new home, which was substantially completed in November of 1999, they began to discover numerous defects in the construction of the home. In March of 2003, the Carters noticed additional damage to their home, including defects in the roofing system, walls, partitions, and flooring. The Carters gave Duhe verbal and written notice regarding these problems throughout 2003. Particularly, the Carters provided Duhe with written notice by correspondence in May 2003, via certified mail, therein advising Duhe of the various defects and giving Duhe a reasonable opportunity to remedy the defects. In some instances, Duhe undertook to make repairs and/or assured the Carters that the work had been completed and repaired. In other instances, Duhe did not remedy the defects. As a result, the Carters filed a petition for damages on April 7, 2004 against Duhe, Jackson Insurance Company, and Certainteed Roofing Company, alleging negligence and breach of contract in the construction of the home.
Duhe filed an Exception of No Cause of Action contending that the NHWA provided the exclusive remedy for all claims arising out of new construction and, as such, any claims other than those arising under the NHWA must be dismissed as a matter of law. Duhe also filed an Exception of Peremption, contending that under the NHWA, a majority of the claims were perempted. The Carters opposed the exceptions, arguing that, because Duhe did not give the Carters notice of the requirements of the NHWA at the time of closing, the exclusivity and peremption provisions of the NHWA did not apply and that therefore, they still had a cause of action for negligence and breach of contract outside the confines of the NHWA. On December 7, 2004, the trial court granted Duhe's exceptions, but also gave the Carters thirty days to amend their petition to plead claims that had not been perempted under the NHWA. The Carters amended their original petition on January 5, 2005, in an effort to reassert claims under the NHWA, and also filed a writ application with the Fifth Circuit seeking to have that court reinstate their other causes of action which the trial court had dismissed.
On January 25, 2005, the Fifth Circuit granted the Carters' writ application and set aside the ruling of the trial court, holding that Duhe waived the applicability of the NHWA by failing to give the mandatory notice to the Carters of the requirements of the NHWA at the time of closing. Carter v. Duhe, 05-19 (La.App. 5 Cir. 1/25/05). We granted Duhe's writ application to determine whether a builder waives the applicability of the NHWA by failing to provide written notice of the requirements of the NHWA to the owners as required by La. R.S. 9:3145. Carter v. Duhe, 05-390 (La.4/29/05), 901 So.2d 1044.

DISCUSSION
The NHWA was enacted in 1986, and amended in 1999, for the following stated purpose:
§ 3141. Purpose
The legislature finds a need to promote commerce in Louisiana by providing clear, concise, and mandatory warranties for the purchasers and occupants of new homes in Louisiana and by providing for the use of homeowners' insurance *966 as additional protection for the public against defects in the construction of new homes. This need can be met by providing a warranty for a new home purchaser defining the responsibility of the builder to that purchaser and subsequent purchasers during the warranty periods provided herein. The warranty, which is mandatory in most cases, shall apply whether or not building code regulations are in effect in the location of the structure, thereby promoting uniformity of defined building standards. Additionally, all provisions of this Chapter shall apply to any defect although there is no building standard directly regulating the defective workmanship or materials.
La. R.S. 9:3141. In furtherance of this goal, the legislature has provided as follows:
This Chapter provides the exclusive remedies, warranties, and peremptive periods as between builder and owner relative to home construction and no other provisions of law relative to warranties and redhibitory vices and defects shall apply. Nothing herein shall be construed as affecting or limiting any warranty of title to land or improvements.
La. R.S. 9:3150. The NHWA provides the following specific warranties on behalf of the builder to the owner:
A. Subject to the exclusions provided in Subsection B of this Section, every builder warrants the following to the owner:
(1) One year following the warranty commencement date,[[1]] the home will be free from any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.
(2) Two years following the warranty commencement date, the plumbing, electrical, heating, cooling, and ventilating systems exclusive of any appliance, fixture, and equipment will be free from any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.
(3) Five years following the warranty commencement date, the home will be free from major structural defects due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.
La. R.S. 9:3144(A). Pursuant to La. R.S. 9:3144(c), these provisions "establish minimum required warranties and shall not be waived by the owner or reduced by the builder . . ." The LHWA further establishes that "[a]ny action to enforce any warranty . . . shall be subject to a peremptive period of thirty days after the expiration of the appropriate time period in R.S. 9:3144." La. R.S. 9:3146.
It is undisputed that the Carters and Duhe, as owner and builder[2] of a newly constructed home, are intended to be covered *967 under the NHWA, and that Carters' claims against Duhe are the type of claims intended to be covered under the NHWA. However, because the Carters moved into their home at the end of 1999 and did not file suit until April 7, 2004, all claims for defects in construction of the home are perempted under the NHWA except claims for "major structural defects."[3]
The Carters claim, and the court of appeal agreed, that in spite of the explicit exclusivity provisions of the NHWA, the NHWA does not apply because Duhe failed to give them notice of the requirements of the NHWA at the time of closing as required by La. R.S. 9:3145, which provides:
Before undertaking any repair himself or instituting any action for breach of warranty, the owner shall give the builder written notice, by registered or certified mail, within one year after knowledge of the defect, advising him of all defects and giving the builder a reasonable opportunity to comply with the provisions of this Chapter. The builder shall give the owner written notice of the requirements of this Chapter at the time of the closing. (Emphasis added.)
La. R.S. 9:3145 (amended by Acts 1997, No. 987, § 1, which added the requirement that the builder give the owner written notice of the requirements of the NHWA).
In support of their argument, the Carters rely primarily on cases holding that if the owner fails to give the builder notice of any defects before undertaking repairs or instituting an action against the builder, the owner is precluded from recovery. Stokes v. Oster Development, Inc., 01-780 (La.App. 5 Cir. 1/15/02), 807 So.2d 987; Thorn v. Caskey, 32,310 (La.App. 2 Cir. 9/22/99), 745 So.2d 653. Because the owner is precluded from recovery under the NHWA if he fails to give the required notice under La. R.S. 9:3145, they argue that the builder should also be precluded from relying on the exclusivity provisions of the NHWA if he fails to give notice under La. R.S. 9:3145. However, what that argument fails to consider is that since its enactment in 1986, the NHWA has provided that the builder's warranty under the NHWA excludes any defect not reported to the builder prior to the expiration of the peremptive period under the NHWA. Specifically, La.R.S. 9:3144, as amended in 1997[4], provides in pertinent part:

*968 B. Unless the parties otherwise agree in writing, the builder's warranty shall exclude the following items:
. . .
(4) Any damage to the extent it is caused or made worse by any of the following:
. . .
(c) Failure by the owner to give written notice by registered or certified mail to the builder of any defect within the time set forth in R.S. 9:3145. However, the provisions of this Subparagraph shall not be construed to change either the warranty periods enumerated in Subsection A of this Section or the notice requirements provided by R.S. 9:3145.
. . .
(16) Any defect not reported in writing by registered or certified mail to the builder or insurance company, as appropriate, prior to the expiration of the period specified in Subsection A of this Section for such defect plus thirty days.
La. R.S. 9:3144.
Thus, the legislature has specifically excluded from the home builder's warranty any defects of which the owner fails to give the builder the required notice under the NHWA. The legislature decided the builder should not be responsible for defects of which he was never made aware and never given the chance to remedy in accordance with the standards of the NHWA. Without notice of defects, the builder is deprived of the more economically sound and judicially efficient alternative, i.e., the opportunity to cure the defects, an alternative in accord with the legislative intent to promote commerce and stability. In such a case, not only is the owner precluded from recovery under the NHWA, he is also precluded from any other theory of recovery because the NHWA provides the exclusive remedy between owners and new home builders. Thus, the applicability of the NHWA is not waived in such a case, it still applies as it is the exclusive remedy, but this type of defect is excluded from the builder's warranty as a penalty of the failure to give notice.
On the other hand, the legislature has not provided any penalties or exclusions where the builder fails to provide the owner with notice of the provisions of the NHWA at the time of closing.[5] For this Court to provide as a penalty that *969 the provisions of the NHWA are waived would be improper for several reasons. First, it would fly in the face of the express and unequivocal legislative intent that the NHWA is an exclusive remedy and that all other theories of recovery are excluded. La. R.S. 9:3150; see also Jesco Constr. Corp. v. Nationsbank Corp., et al., 02-0057 (La.10/25/02), 830 So.2d 989 (Calogero, C.J., dissenting) (in a case involving the Credit Agreement Statute, Chief Justice Calogero discussed statutes, expressly including the NHWA, where the legislature has expressly and unequivocally precluded all other legal theories of recovery). Secondly, it would be contrary to the numerous provisions of the NHWA which make clear that these warranties are mandatory, and may not be waived by either party. For example, the legislature explicitly states that the purpose of the Act was to provide "clear, concise, and mandatory warranties . . ." La. R.S. 9:3141. In addition, La. R.S. 9:3144(A) states that "every builder warrants" the requirements found in that subsection to the owner, and La. R.S. 9:3144(C) makes clear that the provisions of subsection (A) "establish minimum required warranties" and that these provisions "shall not be waived by the owner or reduced by the builder . . ."[6] To interpret this statute to mean that its provisions are waived if the builder does not give the owner the required notice would allow one party to unilaterally waive the exclusive and mandatory provisions of the NHWA. The legislature has placed no prerequisites on the exclusive and mandatory application of the NHWA and to allow an implicit waiver of such express application is contrary to the legislative intent and the purpose of the statute. Finally, under Article 5 of the Civil Code, "[n]o one may avail himself of ignorance of the law." A mandatory requirement that a party give another notice of the relevant law in order for that law to apply would be contrary to one of our most basic legal tenets, that citizens are charged with knowledge of the law. Unlike the owners' obligation to give the builder notice of any defects covered by his warranty, which apprises the builder of facts, the builder's notice obligation does nothing more than give the owner notice of the law which applies to any disputes which arise due to defects in the new construction.[7] Under La. C.C. art. 5, the NHWA applies whether or not the builder gave this notice, and the builder's failure to do so does not relieve the owner of either knowledge of this law or the application of this law to the facts of his case. No prejudice is suffered where the builder fails to give the home owner notice of the applicable law because the home owner is already charged with notice of this law under La. C.C. art. 5.[8]

*970 CONCLUSION
Louisiana courts have consistently recognized that the NHWA exclusively applies as to claims between a builder and an owner relative to construction defects in a new residence. Sowers v. Dixie Shell Homes of America, Inc., 33,390 (La.App. 2 Cir. 5/15/00), 762 So.2d 186, writ denied, 00-1770 (La.9/22/00), 768 So.2d 1286; Stokes v. Oster Development, Inc., supra.[9] While we acknowledge that laws are not to be construed so as to make any provision meaningless, we also recognize that it is not the function of the judicial branch in a civilian legal system to legislate by inserting penalty provisions into statutes where the legislature has chosen not to do so. See White v. Walmart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081, 1084 (courts are not free to rewrite laws to effect a purpose that is not otherwise expressed). The express mandatory language contained in the NHWA, that the purpose of the Act is to provide mandatory warranties, that the requirements in La. R.S. 9:3144(A) cannot be waived or reduced by the parties, and that the provisions of the NHWA provide the exclusive means of recovery, strongly indicate that the legislature did not intend these requirements be implicitly waived if the builder fails to notify the owner of the applicable law. Surely, the legislature would have provided for this had it so intended.[10]

*971 DECREE
For the reasons stated herein, the judgment of the court of appeal is reversed, the judgment of trial court granting exception of no cause of action is reinstated, and the case is remanded for the trial court to determine whether case is perempted considering the allegations contained in the Carter's First Supplemental and Amending Petition filed on January 10, 2005.
REVERSED AND REMANDED.
KNOLL, J., dissents and assigns reasons.
JOHNSON, J., dissents for reasons assigned by KNOLL, J.
KNOLL, Justice, dissenting.
I respectfully dissent finding the majority errs by failing to correctly analyze the issue presented under a statutory analysis that would require us to interpret the Louisiana's New Home Warranty Act ("NHWA"), La.Rev.Stat. §§ 9:3141 et seq., strictly, thus finding the NHWA not applicable under the circumstances of this case.
The issue in this case is whether a builder is protected by the warranty provisions and exclusivity of the NHWA when the builder failed to give the new homeowner the statutorily mandated "written notice of the requirements" of the act. La.Rev.Stat. § 9:3145 is mandatory and requires the builder "shall" provide written notice of the requirements of the act at the time of the closing. La.Rev.Stat. § 9:3150 is likewise mandatory and states the act "provides the exclusive remedies, warranties, and peremptive periods as between builder and owner relative to home construction and no other provisions of law relative to warranties and redhibitory vices and defects shall apply." These two mandatory provisions, i.e., written notice and exclusivity, come into conflict in this case where the builder attempts to invoke the exclusivity provision in the absence of the notice requirement. The reconciliation of these two mandatory provisions renders this case one of statutory interpretation that the majority fails to engage.
Legislation is the solemn expression of legislative will, and therefore, interpretation of a law involves primarily a search for the Legislature's intent. La. Rev.Stat. § 1:4 (2004); La. Civ.Code art. 2 (2004); Conerly v. State, 97-0871, p. 3 (La.7/8/98), 714 So.2d 709, 710; Ruiz v. Oniate, 97-2412, p. 4 (La.5/19/98), 713 So.2d 442, 444. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the Legislature. La. Civ.Code art. 9 (2004); Conerly, 97-0871 at p. 3-4, 714 So.2d at 710-11; Ruiz, 97-2412 at p. 4, 713 So.2d at 444. When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law, and the words of law must be given their generally prevailing meaning. La. Civ.Code arts. 10 & 11 (2004); Conerly, 97-0871 at p. 4, 714 So.2d at 711; Ruiz, 97-2412 at p. 4, 713 So.2d at 444. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole, and laws on the same subject matter must be interpreted in reference to each other. La.Rev.Stat. § 1:3 (2004); La. Civ.Code. arts. 12 & 13; Conerly, 97-0871 at p. 4, 714 So.2d at 711; Ruiz, 97-2412 at p. 4-5, 713 So.2d at 444.
La.Rev.Stat. § 9:3141 sets forth the Legislature's intent in the enactment of the NHWA was "to promote commerce in Louisiana by providing clear, concise, and mandatory warranties for the purchasers and occupants of new homes in Louisiana and by providing for the use of homeowners' insurance as additional protection *972 for the public against defects in the construction of new homes." Unquestionably, the purpose of the NHWA is to protect the consumer, homeowner, and public against defects in the construction of new homes by providing clear, concise, and mandatory warranties.
By Acts 1997, No. 987, § 1, the Legislature added the substantive requirement mandating the builder give written notice to the homeowner of the requirements in the act. See La.Rev.Stat. § 9:3145. A search of the legislative history of this provision does not provide an explanation why the Legislature added this provision. However, a correct statutory interpretation analysis would conclude the purpose of the NHWA is to protect the homeowner. See La.Rev.Stat. § 9:3141. Thus, the notice requirement must be interpreted as having the meaning that best conforms to the purpose of the law. See La. Civ.Code arts. 10 & 11. Logically, it follows that the notice requirement must be interpreted to protect the homeowner.
Necessarily, the interpretation of the NHWA that best conforms with its purpose to protect the homeowner is one of strict construction, mandating notice to the homeowner before the applicability of the Act. Failure to provide notice consequently would effectively waive the NHWA's exclusivity provision, especially given the statute as presently written, which denies the homeowner the protection of the act when the homeowner fails to provide written notice to the builder of defects. See La. Rev.Stat. §§ 9:3144(B)(4)(c) and (B)(16). Any other interpretation would lead to an inequitable, harsh result, inconsistent with the purpose of the NHWA.
Accordingly, I find the defendants waived the exclusivity and applicability of the NHWA by failing to provide the homeowner with the mandatorily required written notice, thus, I would affirm the decision of the court of appeal.
NOTES
[*] Retired Judge Philip C. Ciaccio, assigned as Justice Pro Tempore, sitting for Associate Justice Catherine D. Kimball.
[1] "`Warranty commencement date' means the date that legal title to a home is conveyed to its initial purchaser or the date the home is first occupied, whichever occurs first." La. R.S. 9:3143(7).
[2] "`Owner' means the initial purchaser of a home and any of his successors in title, heirs, invitees, or assigns to a home during the time the warranties provided under this Chapter are in effect." La. R.S. 9:3143(6). "`Initial purchaser' means any person for whom a home is built or the first person to whom a home is sold upon completion of construction." La. R.S. 9:3143(4). "`Builder' means any person, corporation, . . ., which constructs a home, or addition thereto, including a home occupied initially by its builder as his residence. A person, corporation, . . ., which constructs a home, or any addition thereto, is a `builder,' whether or not the consumer purchased the underlying real estate with the home." La. R.S. 9:3143(1).
[3] (5) "Major structural defect" means any actual physical damage to the following designated load-bearing portions of a home caused by failure of the load-bearing portions which affects their load-bearing functions to the extent the home becomes unsafe, unsanitary, or is otherwise unlivable:

(a) Foundation systems and footings.
(b) Beams.
(c) Girders.
(d) Lintels.
(e) Columns.
(f) Walls and partitions.
(g) Floor systems.
(h) Roof framing systems.
La. R.S. 9:3143(5).
[4] As originally enacted in 1986, the relevant portions of Subsection (B) of 9:3144 provided:

B. Unless the parties otherwise agree in writing, the builder's warranty shall exclude the following items:
. . .
(4) Any damage to the extent it is caused or made worse by any of the following:
. . .
(c) Failure by the owner to give written notice by registered or certified mail to the builder of any defect within a reasonable time.
. . .
(16) Any defect not reported in writing by registered or certified mail to the builder or insurance company, as appropriate, prior to the expiration of the period of coverage of that defect plus thirty days.
[5] The statute's reference to "the time of closing" as the time the builder is to give notice is somewhat confusing in this case, and likely many others, where there is no technical "closing" between the owner and the builder. There was in this case a "closing" between the Carters and their lending institution of which Duhe was apparently aware as Duhe was required to conduct a walk-through inspection of the home prior to the closing. However, Duhe was not required to be present at the "closing." Defendants seek to interpret "closing" in the NHWA to mean where the builder sells the home to the homeowner, and since this was not the case here, they argue they had no notice requirement at all. The Carters argue that the term "closing" could be interpreted to mean when the contract between the builder and homeowner is executed, at which time the builder must give the owner the required notice. They argue that this would give the owner notice of the builder's "intent to avail themselves of the exclusivity of the Act." However, it is not the builder's intent which makes the NHWA applicable, the NHWA applies as a matter of law regardless of the builder's intent. Further, we note that according to the Commerce and Consumer Protection Committee Minutes discussing the 1997 amendment adding the builder's notice requirement to La. R.S. 9:3145, an amendment was made changing the words "prior to construction" to "at the time of the closing." Thus, evidently, the legislature did not intend the notice requirement to be triggered prior to construction as argued by the Carters. In any event, because we hold today that the builder's failure to give notice does not waive the applicability of the NHWA, we need not determine the appropriate definition of the phrase "at the time of closing."
[6] This contrasts with La. R.S. 9:3144(B), which provides the exclusions from the warranties required in La. R.S. 9:3144(A), and which can be altered if the parties agree in writing.
[7] The Carters have not argued that they or their attorney were unaware of the peremptive periods of the LHWA because of this lack of notice. We note that they did comply with their own notice requirements under the LHWA, as they provided Duhe with written notice in May of 2003 via certified mail of the various defects, giving Duhe a reasonable opportunity to remedy the defects.
[8] The general rules of statutory construction do not override those considerations. We recognize that the words of a law must be given their generally prevailing meaning, La. C.C. art. 11, and that the word "shall" in its usual signification for purposes of statutory construction denotes a mandatory duty. La. R.S. 1:3; Ray v. South Cent. Bell Tel. Co., 315 So.2d 759 (La.1975). However, mandatory statutes generally prescribe, in addition to requiring the doing of the thing specified, the result that will follow if they are not done, whereas, if directory, their terms are limited to what is required to be done. Sanders v. Department of Health & Human Resources, 388 So.2d 768, 770 (La.1980) (using rules of statutory construction relative to legislation in general to interpret civil service rules). "A significant consideration in determining whether a statutory requirement should be given mandatory or directory effect is a comparison of the results to which each such construction would lead." Sanders, supra at 771 (citing Holbrook v. United States, 284 F.2d 747 (9th Cir.1960)). As stated above, that comparison leads us to hold that while the builder is required to give the notice, his failure to do so does not waive the applicability of the NHWA.
[9] We disagree with the court of appeal's reliance on Ory v. A.V.I. Construction, Inc., 03-72 (La.App. 5 Cir. 5/28/03), 848 So.2d 115, for support of its holding in this case. In Ory, the owners filed a redhibitory defect suit against the builder of their new home and the builder filed an exception of no cause of action based on the exclusivity provisions of the NHWA. The owners argued that the NHWA did not apply because the builder failed to give them notice of the provisions of the NHWA as required by La. R.S. 9:3145. However, because the home was constructed in 1995, before the 1997 amendment to La. R.S. 9:3145 which added the builder's notice requirement, the court held that "since there was no notice requirement at the time of the sale of this house . . . the lack of notice does not bar the application of the NHWA." 848 So.2d at 119. This statement was clearly dicta and does not guide our determination here.
[10] While we can envision a statutory provision which would extend or suspend the time periods for filing suit under the NHWA when the builder fails to give the required notice, especially where it is shown that the owner was unaware of the provisions of the NHWA, that is not what the legislature has provided. Not only does La. R.S. 9:3143(7) contain a "warranty commencement date" which begins to run on the "date that legal title to a home is conveyed to its initial purchaser or the date the home is first occupied, whichever occurs first," the legislature also provided that time period to bring an action to enforce a warranty is peremptive, rather than prescriptive, and of course peremptive periods cannot be interrupted or suspended. In addition, where the legislature has enacted statutes mandating that one party notify the other of the requirements of the applicable law, it has also provided the penalties where it intended to do so. For instance, La. R.S. 23:1302 requires the employer to post a notice to its employees notifying them of the provisions of the Louisiana Workers' Compensation Law, and specifically provides that if the employer fails to do so, the employee is given an additional twelve months from the date of injury to give the employer notice of his injury. La. R.S. 23:1302. Thus, the legislature clearly had the option and the expertise to do the same thing in this case, but chose not to. Thus, while an appropriate penalty might be that the time periods are extended, that is a matter for the legislature, not the courts, to decide.