NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 07-840


CATHY JOSEPH

VERSUS

SATURN CONSTRUCTION COMPANY, INC.


**********


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 101636-G
HONORABLE CHARLES LEE PORTER, DISTRICT JUDGE


**********


BILLY HOWARD EZELL
JUDGE


**********


Court composed of Michael G. Sullivan, Glenn B. Gremillion, and Billy Howard
Ezell, Judges.


AFFIRMED.


Edward Paul Landry
Landry & Watkins
P. O. Drawer 12040
New Iberia, LA 70562-2040
(337) 364-7626
Counsel for Plaintiff/Appellant:
Cathy Joseph

**Jimmy Arthur Castex, Jr.**
**Deutsch, Kerrigan & Stiles**
**755 Magazine Street**
**New Orleans, LA 70130**
**(504) 593-0607**
**Counsel for Defendant/Appellee:**
**Saturn Construction Company, Inc.**

**EZELL, JUDGE.**

In this appeal, Cathy Joseph claims that the trial court erred in finding that her breach of contract claims against Saturn Construction were outside the exclusive provisions of the New Home Warranty Act (NHWA) and could not be raised at trial. For the following reasons, we affirm the decision of the trial court.

Ms. Joseph hired Saturn to build her home in 1997. Construction was completed in January of 1999, and she moved into the home in February of that year. Almost immediately, she began noticing problems with the house. Despite Ms. Joseph's having written to Saturn in August and September of 1999 requesting that certain repairs be made, Saturn did little or nothing to fix the problems. Ms. Joseph filed suit against Saturn in October 2003, bringing two causes of action: one under the NHWA and another asserting breach of contract. After a conference concerning a motion *in limine* wherein Saturn sought to exclude Ms. Joseph's breach of contract claim, the trial court ruled that the breach of contract claim fell outside the exclusive remedy provisions of the NHWA and could not be raised. From that decision, Ms. Joseph appeals.

Ms. Joseph asserts one assignment of error on appeal, that the trial court erred in holding that her breach of contract and bad faith claims were precluded by the NHWA and that the Act was her exclusive remedy. For the following reasons, we disagree.

Pursuant to La.R.S. 9:3150, the New Home Warranty Act provides the exclusive remedies, warranties, and peremptive periods as between builder and owner relative to new home construction, and no other provisions of law relative to warranties and redhibitory vices and defects apply. Louisiana courts have consistently recognized that the NHWA exclusively applies as to claims between a

1

builder and an owner relative to construction defects in a new residence. *Carter v. Duhe*, 05-390 (La. 1/19/06), 921 So.2d 963; *Sowers v. Dixie Shell Homes of Am., Inc.*, 33,390 (La.App. 2 Cir. 5/15/00), 762 So.2d 186, *writ denied*, 00-1770 (La. 9/22/00), 768 So.2d 1286; *Stokes v. Oster Dev., Inc.*, 01-780 (La.App. 5 Cir. 1/15/02), 807 So.2d 987.

The claims asserted by Ms. Joseph against Saturn include that the house was constructed with "poor worksmanship," that the house is "imperfect due to . . . defects," that Saturn failed to construct the home in a manner in which to prevent water intrusion, and that Saturn failed to repair the defects timely. These claims, although couched in terms of a breach of contract, clearly are claims pertaining to defects governed by the NHWA. Ms. Joseph also claims that Saturn failed to build the house in line with the plans drawn by her architect. In addition to violations of applicable building codes, deviations from the plans and specifications for construction of the home are also recoverable under the NHWA. *Thorn v. Caskey*, 32,310 (La.App. 2 Cir. 9/22/99), 745 So.2d 653.

Ms. Joseph is correct in her assertion that where the cause of action has not wholly arisen from construction defects, violations of the building code, or poor workmanship, Louisiana courts have determined the NHWA was not the sole remedy available to the home owner. *See Id;*[1] *Leon v. Deters Custom Homes Inc.*, 97-772 (La.App. 1 Cir. 4/8/98), 711 So.2d 346.[2] However, the damages complained of by

---

[1]In *Thorn*, 745 So.2d 653, plaintiff complained of construction defects, for which the NHWA was the exclusive remedy, as well as the builder's failure to complete construction of the house. The second circuit found that the NHWA "was designed to protect the owner from faulty workmanship, but not to insure completion of the construction of a home under the terms of the contract between the owner and builder" and that a builder may be found liable in an action for breach of contract where the builder abandons construction of the home. *Id.* at 658.

[2]In *Leon*, 711 So.2d 346, the first circuit held the NHWA was not applicable where damages to the owner's house were not caused by defects in the construction of his house but in drainage problems that the builder created upon expansion of the subdivision.

Ms. Joseph, in both her original petition and amended petition, are distinguishable from the damages asserted in those cases in that they do arise wholly from alleged construction defects or poor workmanship by Saturn. The damages asserted are the result of defects in construction within the terms of the statute, and therefore, fall within the exclusive purview of the NHWA.

Ms. Joseph also asserts that although the NHWA controls over other Louisiana warranty and redhibitory defects law, it contains no language forbidding the parties to enter into a valid building contract. This assertion is also correct. *See Graf v. Jim Walter Homes, Inc.*, 97-1143 (La.App. 1 Cir. 5/15/98), 713 So.2d 682. The NHWA provides that the minimum warranties may not be waived, but it also recognizes areas where the builder may contractually assume obligations preliminarily excluded by the NHWA. *Thibodaux v. Arthur Rutenberg Homes, Inc.*, 04-1500 (La.App. 1 Cir. 12/22/05), 928 So.2d 80. However, Saturn did not assume warranties or obligations greater than those established in the NHWA in its contract with Ms. Joseph, leaving her no cause of action based on the breach of any specific contract provisions.

Under the specific circumstances of this case, the trial court was correct in finding that the NHWA is Ms. Joseph's exclusive remedy against Saturn. For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are assessed against Ms. Joseph.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3 Uniform Rules, Court of Appeals.

3