PER CURIAM.
hThe Louisiana Local Government Environmental Facilities an'd Community Development Authority (“LCDA”) filed the motion for judgment pursuant to the Bond Validation Act, La. R.S. 13:5121 et seq., seeking to validate the issuance of certain municipal bonds. The district court denied the motion, expressing concerns over publication of notice. On appeal, the court of appeal found the district court erred in finding proper notice was not given. Nonetheless, the majority of the court of appeal, over two dissents, affirmed the district court’s judgment on different grounds, finding LCDA did not introduce into the record the resolution authorizing the issuance of the bonds. Louisiana Local Government Facilities and Community Development Authority, State of Louisiana v. All Taxpayers, 15-0162 (La.App. 1st Cir.2/12/15), — So.3d -. This application followed.
The Bond Validation Act is silent with regard to what evidence a governmental entity must introduce to meet its burden of proof in connection with a motion for judgment to validate bonds. However, La. R.S. 13:5130 provides, “[n]o court in which a proceeding to invalidate or sustain bonds is brought shall invalidate the bonds unless it finds substantial defects, material errors and omissions in the incidents of such bond issue.” (Emphasis added.) Relying on this statute, the court in Council of City of New Orleans v. All Taxpayers, Property Owners, 03-0189 (La.App. 4th Cir.2/24/03), 841 So.2d 72, 76, writ denied, 03-0626 (La.4/4/03), 840 So.2d 1221, found that bonds could be validated where “documents in the record sufficiently describe the project, the source of funds, and all other material issues relevant to the Bonds.” The court specifically found that absence of a supplemental resolution, which was to be executed upon sale of the bonds, was of no consequence, explaining, “[t]he absence of such a supplemental resolution at this point is therefore expected,’and should not defeat the bond validation.” Id.
It is not the function of the judicial branch in a civilian legal system to legislate by inserting provisions into statutes where the legislature has chosen not to do . so. Carter v. Duke, 05-0390, p. 10 (La.1/19/06), 921 So.2d 963, 970. In the case at bar, the legislature chose not to specify what evidence a governmental entity must introduce to meet its burden of proof under the Bond Validation Act. Therefore, the court of appeal erred in finding LCDA’s motion to validate was defective because it failed to introduce the resolution into the record.
• Accordingly, the writ is granted. The judgment of the court of appeal is reversed insofar as it holds LCDA’s motion to validate was defective because it failed to introduce the resolution into the record, and *69 the case is remanded to the district court for entry of judgment.
HUGHES, J., would deny the writ.