966 So.2d 1064 (2007)
Terri Barrack, Wife of/and Dr. Robert BARRACK
v.
J.F. DAY & COMPANY, INC., d/b/a Pella Windows & Doors, Pella Corporation, Charlotte Spencer Smith and SpencerSmith, A Professional Corporation, f/k/a SpencerSmith, Inc.
No. 2007-CA-0097.
Court of Appeal of Louisiana, Fourth Circuit.
August 29, 2007.
*1065 Stewart E. Niles Jr., Lawrence J. Centola, Niles, Bourque & Fontana, L.L.C., New Orleans, LA, for Plaintiff/Appellant.
Richard S. Vale, Christopher K. LeMieux, Pamela F. Noya, Blue Williams, L.L.P., Metairie, LA, for Defendant, Appellee.
Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY, Judge DAVID S. GORBATY.
DAVID S. GORBATY, Judge.
Dr. and Mrs. Robert Barrack (hereinafter Barrack) appeal a summary judgment granted in favor of Spencersmith, a Professional Corporation, f/k/a SpencerSmith, Inc. (hereinafter SpencerSmith), with regard to construction defect claims.[1] For the following reasons, we affirm in part, and reverse in part.
FACTS AND PROCEDURAL HISTORY:
On November 1, 1996, the Barrack's contracted with Rick Smith, a licensed general contractor, and Charlotte Spencer Smith, a licensed architect, in their capacity as employees of SpencerSmith, Inc., to build a home in English Turn. The design contract provided for the installation of Pella brand windows, many of which were to be "mulled" or joined together in groups on the outer walls of the home.
The Barrack's moved into their new home in February of 1999, and in December of that year discovered that certain windows were leaking. The Barrack's contacted Rick Smith, who in turn contacted J.F. Day, Pella's local distributor. In February of 2000, J.F. Day replaced some of the sashes on the leaking windows. However, in December of 2000, the windows were still leaking and the Barrack's again notified Rick Smith, who notified J.F. Day. J.F. Day again replaced sashes on the windows.
When the Barrack's again noticed leaks in the late summer/early fall of 2002, they called Rick Smith, who personally inspected the windows and told the Barrack's that the Pella windows were failed due to defects in the manufacture and/or design of the windows. A J.F. Day sales representative subsequently inspected the windows and concurred with Rick Smith. However, in November 2002, a Pella senior field representative inspected the windows and concluded that the windows had failed because of product design, but also because the windows had been improperly installed and/or mulled. The dispute then arose as to who had installed and/or mulled the windows, SpencerSmith, Inc., or J.F. Day.
PROCEDURAL HISTORY:
The Barrack's filed suit on May 29, 2003 against Pella Corporation and J.F. Day under the Louisiana Products Liability Act for damages caused by the defectively designed windows, for breach of contract, and for redhibition. Alternatively, the *1066 Barrack's sued SpencerSmith, Inc., and Charlotte Spencer Smith for damages caused by the window problems should J.F. Day allege the home design was defective, and for improper installation.
SpencerSmith, Inc., filed a Motion for Summary Judgment arguing that the Barrack's had failed to comply with the "fix first" provision of La. R.S. 9:3145, a subpart of the New Home Warranty Act (hereinafter NHWA). The statute provides the exclusive remedy between homeowners and builders, and that an owner shall give a builder written notice, by registered or certified mail, within one year of notice of the defect, thereby allowing the builder an opportunity to fix the problem. If the homeowner does not comply, he has no other recourse against the builder.[2]
Although the Barrack's admit that they did not give written notice, they argue that they gave SpencerSmith, Inc., actual notice on numerous occasions, and that Rick Smith attempted to remedy the leaks in the windows. Thus, SpencerSmith, Inc., waived its right to claim lack of notice pursuant to the NHWA.
The trial court granted summary judgment in favor of SpencerSmith, Inc., with regard to claims under the NHWA. The court found that the NHWA was the Barrack's exclusive remedy concerning construction defects, and dismissed all such claims against SpencerSmith, Inc., for failure to give written notice. Summary judgment was denied as it related to architectural claims against SpencerSmith, Inc., and Charlotte Spencer Smith. This appeal followed.
DISCUSSION:
Assignments of Error 2, 3, 4, 5, 6, 8 and 10 all involve errors allegedly made by the trial court with regard to the NHWA. The main argument asserted is that the Barrack's gave SpencerSmith, Inc., actual notice of the defects in their home, and afforded SpencerSmith, Inc., the opportunity to fix the leaks in the windows prior to filing suit. Thus, although the Barrack's admit they did not comply with the notice by certified mail requirement of La. R.S. 9:3145, they complied with the "spirit" of the law.
The Barracks argument that they complied with the spirit of the statute is well-founded, because although they gave SpencerSmith, Inc., only verbal notice of the defects, they did so within the time limits provided by the statute, and allowed him the opportunity to fix the defects. They also provided proof that they gave written notice to SpencerSmith, Inc., albeit after the time limitations of the statute had run, but before filing suit. The fact that Rick Smith notified J.F. Day and Pella of the problem on numerous occasions is proof of notification, and further demonstrates their compliance with the purpose of the law.
The sole reason given by the trial court for granting summary judgment was the Barracks failure to notify SpencerSmith, Inc., by certified mail of the defects in the home. The trial court relied on Carter v. Duhe, 05-0390 (La.01/19/06), 921 So.2d 963, in support of its ruling. In oral reasons for judgment, the trial judge specifically invited, and in fact, implored this Court to reverse the ruling in Carter. Unfortunately, this Court has no authority to overrule a Louisiana Supreme Court decision; however, because the facts of this case distinguishable, we are not bound by the ruling in Carter.
However, we do note that in Carter, the Supreme Court stated: "The legislature *1067 decided the builder should not be responsible for defects of which he was never made aware and never given the chance to remedy in accordance with the standards of the NHWA. Without notice of defects, the builder is deprived of the more economically sound and judicially efficient alternative, i.e., the opportunity to cure the defects, an alternative in accord with the legislative intent to promote commerce and stability." (emphasis added.)
The Louisiana legislature enacted the New Home Warranty Act in 1986, and amended it in 1999. La. R.S. 9:3141 expresses the legislature's purpose for the Act:
The legislature finds a need to promote commerce in Louisiana by providing clear, concise, and mandatory warranties for the purchasers and occupants of new homes in Louisiana and by providing for the use of homeowners' insurance as additional protection for the public against defects in the construction of new homes. This need can be met by providing a warranty for a new home purchaser defining the responsibility of the builder to that purchaser and subsequent purchasers during the warranty periods herein. The warranty, which is mandatory in most cases, shall apply whether or not building code regulations are in effect in the location of the structure, thereby promoting uniformity of defined building standards. Additionally, all provisions of this Chapter shall apply to any defect although there is no building standard directly regulating the defective workmanship or materials.
Louisiana Revised Statute 9:3144 sets forth the warranties and exclusions of the NHWA. Section B provides that "[u]nless the parties otherwise agree in writing, the builder's warranty shall exclude the following items: . . ." The subsections pertinent to this litigation are Section B(4), B(4)(c) and B(16):
B(4) Any damage to the extent it is caused or made worse by any of the following:
* * *
(4)(c) Failure by the owner to give written notice by written or registered mail to the builder of any defect within the time set forth in R.S. 9:3145. However, the provisions of this Subparagraph shall not be construed to change either the warranty periods enumerated in Subsection A of this Section or the notice requirements provided by R.S. 9:3145.
* * *
B(16) Any defect not reported in writing by registered or certified mail to the builder or insurance company, as appropriate, prior to the expiration of the period specified in Subsection A of this Section for such defect plus thirty days.
Louisiana Revised Statute 9:3145 provides for the notice requirements applicable to both the builder and the homeowner:
Before undertaking any repair himself or instituting any action for breach of warranty, the owner shall give the builder written notice, by registered or certified mail, within one year after knowledge of the defect, advising him of all defects and giving the builder a reasonable opportunity to comply with the provisions of this Chapter. The builder shall give the owner written notice of the requirements of this Chapter at the time of the closing.
When read together, these subparts provide that unless agreed to in writing, the builder's warranty shall exclude any damage to the extent it is caused or made worse by failure of the owner to give written notice of any defect within a reasonable *1068 time, which is prior to the expiration of one year plus thirty days. La. R.S. 9:3145 instructs that this notice shall be given prior to the owner trying to repair the defect himself, or filing suit for breach of warranty.
The meaning and intent of a law is determined by considering the law in its entirety and all other laws concerning the same subject matter and construing the provisions in a manner that is consistent with the express terms of the statute and with the obvious intent of the lawmaker enacting it. SWAT 24 Shreveport Bossier, Inc. v. Bond, 00-1695, PP. 11-12 (La.2001), 808 So.2d 294, 302. The court should give effect to all parts of the statute and should not adopt a statutory construction that makes any part superfluous or meaningless, if that result can be avoided. The starting point for interpretation of any statute is the language of the statute itself. Id. As we interpret these statutes and apply them to the facts of this case, the damages complained of by the Barracks were not caused or made worse by their failure to give SpencerSmith, Inc., written notice. To interpret the statute otherwise, would make the express purpose of the statute meaningless.
We find that the Barracks' verbal notice of the defects in their home, given in a timely manner, afforded SpencerSmith, Inc., the opportunity to remedy the defects. The Barracks were in compliance with the meaning and intent of the New Home Warranty Act, and should not be precluded from pursuing an action against SpencerSmith, Inc., for any actions not perempted by the statute. Accordingly, we affirm the judgment denying summary judgment in favor of Charlotte Spencer Smith and SpencerSmith, Inc., for architectural claims, and reverse the judgment granting summary judgment to SpencerSmith, Inc., relative to the NHWA.[3]
AFFIRMED IN PART, REVERSED IN PART
ARMSTRONG, C.J., concurs in the result.
MURRAY, J., concurs and assigns reasons.
ARMSTRONG, C.J., Concurring.
I respectfully concur in the result reached by the majority.
MURRAY, J., Concurring.
The issue in this case, which appears to be res nova, is whether actual notice to the builder within the time limits set forth in La. R.S. 9:3145 (as opposed to written notice by registered or certified mail) is sufficient to maintain a cause of action under the NHWA. I agree with the majority that Carter v. Duhe, 05-0390 (La.01/19/06), 921 So.2d 963, upon which the trial court relied, is distinguishable. The issue in Carter was whether the builder could invoke the protections of the NHWA despite his having failed to comply with a separate requirement of R.S. 9:3145, which is that the builder give the homeowner written notice of the provisions of the NHWA at the time of closing. The Supreme Court in Carter decided that the builder was protected by the statute despite his failure to strictly comply with this notice requirement.
Although the issue in Carter is not the same as that presented in the instant case, I find the Supreme Court's approach to that decision and its interpretation of the statute to be instructional. If the builder does not forfeit the protections of the NHWA by failing to comply with the notice requirement, neither should the homeowner *1069 forfeit his rights under the statute by failing to strictly comply with R.S. 9:3145's express stipulation as to the form of notice, especially where actual notice within the proper time limits is undisputed.
In the instant case, I find that actual notice to the defendant/builder clearly complies with the spirit and purpose of the statute. Accordingly, I respectfully concur in the majority's reversal of the trial court's granting of summary judgment.
NOTES
[1] Summary judgment was denied as to architectural claims against SpencerSmith, Inc., and Charlotte Spencer Smith, Inc.
[2] The statute also provides that a builder shall give an owner written notice of the provisions of the Act at the time of closing. This is not an issue in this case.
[3] This ruling renders all other assignments of error moot.