STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**MELTON FRANK D/B/A FRANK BUILDING AND REMODELING**

**VERSUS**

**BILL TRAN**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-422-04
HONORABLE ANNE LENNAN SIMON, JUDGE PRO TEMPORE

\*\*\*\*\*\*\*\*\*\*

**MARC T. AMY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and Billy Howard Ezell, Judges.

**REVERSED AND REMANDED.**

Steve Gunnell
Cassidy & Gunnell
Post Office Box 1446
Jennings, LA   70546
(337) 824-7322
COUNSEL FOR DEFENDANT/APPELLEE:
        Jeff Davis Bank & Trust Company

Timothy O'Dowd
921 Ryan Street, Suite D
Lake Charles, LA   70601
(337) 310-2304
COUNSEL FOR PLAINTIFF/APPELLEE:
        Melton Frank

**Blaine A. Doucet**
**Doucet, Lorio & Moreno**
**One Lakeshore Drive, Suite 1695**
**Lake Charles, LA 70629**
**(337) 433-0100**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Rick Rion**

**Kendrick J. Guidry**
**Plauche, Smith & Nieset**
**Post Office Drawer 1705**
**Lake Charles, LA 70602**
**(337) 436-0522**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Charles Duhon**

**Melanie Smith Daley**
**127 West Broad Street, Suite 801A**
**Lake Charles, LA 70601**
**(337) 721-8183**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**George Jones**

**Robert W. Higgason**
**4747 Research Forest Drive**
**Suite 180, No. 289**
**The Woodlands, TX 77381**
**(281) 363-3200**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Bill Tran**

**Sera H. Russell, III**
**Post Office Box 53866**
**Lafayette, LA 70505-3866**
**(337) 237-7171**
**COUNSEL FOR DEFENDANT/APPELLANT**
**Bill Tran**

AMY, Judge.

The plaintiff home builder alleged that the defendant failed to make the two final payments on the contract entered into for construction of the defendant's home. The defendant filed a reconventional demand relating to what he contends were deviations from the construction contract and/or plans for the home. The trial court granted the plaintiff's motion for summary judgment, awarding the sum due on the contract. The trial court also dismissed the defendant's reconventional demand, finding the defendant's notice of the alleged deficiencies inadequate under the New Home Warranty Act. The defendant appeals. For the following reasons, we reverse and remand for further proceedings.

**Factual and Procedural Background**

Melton Frank d/b/a Frank Building and Remodeling and Bill Tran entered into a home construction contract on May 27, 2003, wherein Mr. Frank agreed to construct Mr. Tran's home in Jennings, Louisiana. The contract established the bid price as $136,000, payable in five draws after completion of designated portions of the contract. The parties completed an addendum the following month.

While work on the home proceeded and the first three payments on the contract were made, the record reveals that Mr. Tran began making complaints regarding the construction. Ultimately, he failed to make the final two payments. In July 2004, Mr. Frank filed the petition instituting this matter, alleging that only minor detail work remained uncompleted on the house and that Mr. Tran had denied him access to the home to complete the work. He sought the $34,000 remaining under the contract.

Mr. Tran denied the petition's allegation, asserting that Mr. Frank failed to "perform the work as specified in the contract and addendum" and that Mr. Frank's refusal to "perform the work called for in the contract and its addendum was the

reason why he[] was not allowed back into the home." Mr. Tran asserted that Mr. Frank failed to satisfactorily complete construction as designated by the contract's payment schedule and, therefore, additional payments were not due under the contract. In a reconventional demand, Mr. Tran and his wife alleged that Mr. Frank failed to comply with the building plans in a number of respects, including a number of areas identified in the demand. Mr. Tran asserted that Mr. Frank refused to repair or rectify the problems and, therefore, he was contractually liable for damages associated with the "incomplete and incorrect construction" of the home. Mr. Tran and his wife sought damages and attorney's fees pursuant to the New Home Warranty Act. In response, Mr. Frank alleged that the New Home Warranty Act provided Mr. Tran's exclusive remedy and that he was precluded from recovery thereunder as he did not provide notice by registered or certified mail as required by La.R.S. 9:3145.

Mr. Frank filed a motion for summary judgment on his claim and that of Mr. Tran. He supplemented the motion with the construction contract, the addendum of June 2003 and a deposition excerpt in which a bank official describes negotiations between the parties regarding an inspection of the complained of areas. Mr. Frank also submitted his own affidavit wherein he explained in part that he had "caused substantial performance of the obligations he owed[.]" He further stated that "[P]rior to February 1, 2007, Bill Tran had not caused to be delivered to Melton Frank written notice, by registered or certified mail advising him of all defects and giving him a reasonable opportunity to comply with the New Home Warranty Act." Mr. Tran opposed the motion for summary judgment with various exhibits, including the depositions of Mr. Frank and the bank officer assigned to the project who explained that a list of Mr. Tran's complaints were delivered via facsimile to Mr. Frank.

2

The trial court granted Mr. Frank's motion for summary judgment, finding that, due to substantial completion of the project, he was entitled to the remaining payments on the contract. The trial court awarded the sums due on the construction contract together with judicial interest. The trial court also dismissed Mr. Tran's reconventional demand, finding that the notice requirements of the New Home Warranty Act were not met.

Mr. Tran appeals, assigning the following as error:

1. The Trial Court improperly allowed the general contractor to contest the homeowner's alleged non-compliance with La.R.S. 9:3145 through a Motion for Summary Judgment. The sole proper procedural mechanism for contesting non[-]compliance with La.R.S. 9:3145 is through an Exception of Prematurity.

2. The Trial Court failed to recognize that the homeowner complied with L[a]R.S. 9:3145 because the general contractor had actual knowledge of and undertook repair of the defects prior to the filing of Bill Tran's reconventional demand.

3. The Trial Court improperly allowed the contractor to shield himself from liability for numerous defects for which the contractor had actual knowledge of and had actual time to remedy, merely because the defects were not itemized in written notice prior to the homeowner's reconventional demand.

4. The Trial Court improperly granted the plaintiff general contractor's Motion for Summary Judgment on his contractual obligation claim against the homeowner, while applying the certified mail notice requirement of the New Home Warranty Act to preclude the homeowner's defenses against that contractual claim.

5. The Trial Court improperly granted the general contractor's Motion for Summary Judgment against the homeowner's reconventional demand where the contractor waived written notice by certified mail, by bringing a contractual obligation claim against the homeowner after having actual knowledge of the numerous problems with the incomplete home.

6. The Trial Court erred by granting the general contractor's Motion for Summary Judgment because [the] contractor had the opportunity to "fix first" but did not do so.

3

**Discussion**

*Reconventional Demand*

Mr. Tran contests the trial court's determination that his claims were precluded by failure to give appropriate notice under the New Home Warranty Act. He chiefly asserts that the trial court erred in strictly applying the New Home Warranty Act's notice requirements when Mr. Frank had actual notice of his various complaints.

Louisiana Code of Civil Procedure Article 966(B) provides that the trial court shall render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Article 966(C)(2) further provides:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

An appellate court reviews summary judgments *de novo*, using the same criteria that governed the trial court's consideration of whether genuine issues of material fact exist and whether the mover is entitled to judgment as a matter of law. *Supreme Services and Spec. Co., Inc. v. Sonny Greer, Inc.*, 06-1827 (La. 5/22/07), 958 So.2d 634.

The legislature set forth the purpose of the New Home Warranty Act, La.R.S. 9:3141, *et seq.*, as follows:

4

The legislature finds a need to promote commerce in Louisiana by providing clear, concise, and mandatory warranties for the purchasers and occupants of new homes in Louisiana and by providing for the use of homeowners' insurance as additional protection for the public against defects in the construction of new homes. This need can be met by providing a warranty for a new home purchaser defining the responsibility of the builder to that purchaser and subsequent purchasers during the warranty periods provided herein. The warranty, which is mandatory in most cases, shall apply whether or not building code regulations are in effect in the location of the structure, thereby promoting uniformity of defined building standards. Additionally, all provisions of this Chapter shall apply to any defect although there is no building standard directly regulating the defective workmanship or materials.

La.R.S. 9:3141. Although the New Home Warranty Act delineates several warranties on behalf of the builder to the owner, those identified "establish minimum required warranties and shall not be waived by the owner or reduced by the builder . . . ." La.R.S. 9:3144(C). The New Home Warranty Act further provides that it establishes "the exclusive remedies, warranties, and peremptive periods as between builder and owner relative to home construction and no other provisions of law relative to warranties and redhibitory vices and defects shall apply." La.R.S. 9:3150.

Central to the arguments surrounding the summary judgment dismissing Mr. Tran's reconventional demand is the Act's notice provision which provides that:

Before undertaking any repair himself or instituting any action for breach of warranty, the owner shall give the builder written notice, by registered or certified mail, within one year after knowledge of the defect, advising him of all defects and giving the builder a reasonable opportunity to comply with the provisions of this Chapter. The builder shall give the owner written notice of the requirements of this Chapter at the time of the closing.

La.R.S. 9:3145.

Mr. Frank supported his motion for summary judgment with his own affidavit wherein he stated that: "Prior to February 1, 2007, Bill Tran had not caused to be delivered to Melton Frank written notice, by registered or certified mail advising him

5

of all defects and giving him a reasonable opportunity to comply with the New Home Warranty Act."

In opposition, Mr. Tran presented the deposition of Gerald Theunissen, Vice President of Jeff Davis Bank and Trust Company, who was involved in the construction loan. He explained that, as the lender, he or another bank employee made periodic inspections of the home during construction and that Mr. Tran voiced complaints during that time. At Mr. Tran's request, he discussed the complaints with Mr. Frank. Mr. Theunissen also explained that Mr. Tran compiled a list of his concerns and asked him to convey to Mr. Frank that he would like the items corrected. Mr. Theunissen faxed a cover sheet along with Mr. Tran's list and other documents to Mr. Frank. In discussing these documents, attached to the deposition as exhibits, Mr. Theunissen commented that they included his confirmation report indicating that six pages were sent to Mr. Frank on February 27, 2004. The faxed materials, attached to the deposition, are contained in the record.[1] Mr. Theunissen

---

[1] The document following the cover sheet and discussed by Mr. Theunissen indicates:

February 27, 2004

1. Install chimney cover
2. Apply floor sealer (12 gallons) Clean floor first.
3. Reimburse for stove vent. $51.00 + $150.00 = $201.00
4. Install bathroom towel, toilet paper and toothbrush holders or pay for Bill to buy and install himself.
5. Install glass door on fireplace.
6. Finish dirt work (6 truckloads)
7. Run cable TV and telephone lines inside bricks. (But not together)
8. Install vent along garage.

If the above is done, Bill Van Tran will pay the 15% draw and sign agreement that the job is complete and no further payment will be owed to anyone. If not, lawsuit will be filed.

Another document included in the faxed notification provides:

Below is a list of items completed in my house, that do not match up with the blueprint or contract, Mr. Melton Frank.

6

recalled, too, that the parties discussed engaging a third party to inspect the home and identify areas requiring correction by Mr. Frank. Mr. Tran also supplied the deposition of Mr. Frank, who testified that Mr. Tran began having complaints during the installation of the drywall. Mr. Frank testified extensively regarding Mr. Tran's complaints that the roof was inadequately braced. The affidavit of Mr. Tran's attorney indicates that, by April 2004, he had forwarded a similar notification to Mr. Frank's attorney as well.

---

1. He did not rent the bulldozer to do [] foundation.
2. All the window[s] should have steel under bricklayer, he did not put all of them, he put some windows, and in the blueprint 2 front side windows should separate. But it is not correct.
3. The shower is smaller than the one drown [sic] on the blueprint. Because the drain was put in the wrong place.
4. The attic stairs were put in the wrong place.
5. The vet [sic] running form [sic] the kitchen island to outside wall was put at 90 degree angle to the outside wall instead of a 45 degree angle
6. Regular sheet rock was used around the showers there is no moisture protection
7. The cement in the garage is the same level as the house. The blueprints shows [sic] a 4″ drop in levels
8. Some 2x6 rafters that are 46 inches and 45 inches, are not correct
9. ½″ × 8 A bolts at 4″ oe [sic] are not install wood base shoe [sic].
10. Brick laying is not correct
11. 2×4 S.Y.P. studs are some 16″ some 17″, 18″, they are not correct.
12. 2×6 garage wood joists have been eaten by termites
13. Sheetrock did not straight and not level
14. Some door and windows are not level and leaking air
15. Molding are not straight
16. Some corner valley not go all the way
17. Kitchen tray are not correct and reset lights put wrong place
18. Laundry room does not have the window
19. Air duct dryer should goes [sic] out the brick wall, but it goes up to the attic
20. The front door framer and the 2 back doors are not nailed to the studs.
21. Kitchen cabinet builder did not correct. Because in the back cabinets did not have woods
22. The electrical man drill a lot of hole in 2×4 studs and didn't use than [sic]
23. The [sic] didn't spray termites after the plumbing finish, and he pour the foundation
24. He build . . . my house, he use cheap woods (Type "3")
25. He did my floor that very bad job
26. He did not connect 2×6 joists in the attic
27. He did not finish my house air roof

7

Without question, La.R.S. 9:3145 requires that an owner provide written notice defects by "registered or certified mail." These are the clear and explicit words of the statute. However, Article 9 of the Louisiana Civil Code instructs that:

> When a law is clear and unambiguous *and its application does not lead to absurd consequences*, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.

(Emphasis added.)

In this instance, a determination that Mr. Tran is precluded from pursuit of his New Home Warranty Act claims for failure to provide this type of technical notice in the face of actual verbal and written notice would lead to an absurd consequence. Mr. Theunissen's and Mr. Frank's depositions detail a history of complaints during construction. Mr. Tran also presented the fax transmissions which included specific, delineated complaints. Given the date of the initial fax, it cannot be determined at this point that Mr. Frank was not provided with an opportunity to remedy the alleged deficiencies. While Mr. Frank contends that he was ultimately prevented from re-entering the home, this did not occur until April 2004.

The fourth circuit has recently reached a similar conclusion in *Barrack v. J.F. Day & Co., Inc.*, 07-97 (La.App. 4 Cir. 8/29/07), 966 So.2d 1064, a case in which the homeowners began working with their builder to remedy faulty windows in their newly constructed home. However, the homeowners failed to provide formal notice of the defects by registered or certified mail. The trial court granted summary judgment in favor of the contractor, finding that the failure to provide notice by registered or certified mail was fatal to the homeowners' claim under the New Home Warranty Act. The fourth circuit reversed the determination as the homeowners provided verbal notice of the defects within the time limits required by the statute and

8

provided the builder with the opportunity to remedy the defects. The fourth circuit further remarked that the homeowners provided written notice to the builder "albeit after the time limitations of the statute had run, but before filing suit." *Id.* at 1066. Given these actions, the homeowners were found to be "in compliance with the meaning and intent of the New Home Warranty Act, and should not be precluded from pursuing an action" for any claim thereunder for any actions not perempted. *Id.* at 1068.

The fourth circuit found the factual background in *Barrack* distinguishable from the matter before the Louisiana Supreme Court in *Carter v. Duhe*, 05-0390 (La. 1/19/06), 921 So.2d 963, a case urged by Mr. Frank. In *Carter*, the supreme court reviewed a case in which the builder failed to "give the owner written notice of the requirements of this Chapter at the time of the closing" as specified in La.R.S. 9:3145. The homeowners asserted that because of this failure, the New Home Warranty Act was inapplicable. Finding the argument without merit, the supreme court observed that, whereas the Act does not permit a homeowner to recover for a defect unless the builder is notified and offered an opportunity to remedy the deficiency, the Act does not provide a similar penalty for a builder who fails to provide the notice required of it under the statute. The supreme court declined to insert such a penalty into the statute. In light of this focus, it is apparent that the supreme court did not consider the question before this court, *i.e.*, whether strict application of the mailing requirements of La.R.S. 9:3145 renders an absurd result in the face of actual notice of defects.

For these reasons, we conclude that the trial court erred in dismissing Mr. Tran's reconventional demand for failure to satisfy La.R.S. 9:3145. Here, we observe

that Mr. Frank's motion for summary judgment on the reconventional demand focused on the New Home Warranty Act. The trial court dismissed the entirety of the reconventional demand due to failure to strictly comply with the notice requirements of the Act. For these reasons, the above discussion has focused on whether summary judgment was appropriate in light of the New Home Warranty Act. The motion for summary judgment does not squarely present the question of whether the reconventional demand, which suggests the existence of both warranty and other contractual claims, must be resolved by reference to the New Home Warranty Act alone. Accordingly, we do not determine here, applicability of the New Home Warranty Act's exclusive remedy language to the reconventional demand, as it is not the immediate issue before us. *See* La.R.S. 9:3150. *See also Thorn v. Caskey*, 32,310 (La.App. 2 Cir. 9/22/99), 745 So.2d 653. Nor do we make a determination as to any warranty commencement date. *See* La.R.S. 9:3143 and La.R.S. 9:3144.

*Contractual Obligation*

In addition to dismissing Mr. Tran's reconventional demand, the trial court also entered summary judgment on Mr. Frank's contractual claim, awarding him the sums remaining due under the contract. Mr. Tran appeals this determination as well.

It is uncontested that Mr. Tran did not provide the final two payments due under the contract. While Mr. Frank has alleged that he has rendered substantial performance under the contract and that payment is required, genuine issues of material fact remain in this regard. Mr. Tran began occupying the home in April 2004. However, the question of whether this occupancy and Mr. Frank's allegations, alone, reveal that the contract was satisfied remains an open one. In particular, Mr.

10

Tran supplied the affidavit and report of an architect who identified specific deficiencies and concluded as follows:

> The standard of construction was found to be substandard in quality and not in compliance with the local residential building codes. The basic wall and roof framing is not properly braced or supported by the load bearing walls below creating the potential for a complete structural failure.
>
> The items listed above are either in conflict with common building construction practices, governing codes or deviations in the building plans. The contractor omitted windows, lights and light switches as indicated on the plans.
>
> No destructive investigation was conducted; therefore, the conditions in the walls and below grade could not be confirmed to be built according to the plans or local building code requirements.
>
> Extensive repairs or modifications are recommended to correct the observed list of inconsistencies.
>
> The final product is not complete or built to common industry standards. The list of observations should be corrected to bring the residence to a level of acceptable standards. Some of the items are not achievable at this state of construction without extensive demolition and reconstruction.

These observations evidence the existence of genuine issues of material fact as to substantial completion and, therefore, entitlement to recovery. Accordingly, we reverse the summary judgment awarding Mr. Frank sums due under the contract.

## DECREE

For the foregoing reasons, we reverse the summary judgment entered in favor of Melton Frank d/b/a Frank Building and Remodeling and dismissing the reconventional demand of Bill Tran. All costs of this proceeding are assessed to the appellee, Melton Frank d/b/a Frank Building and Remodeling. This matter is remanded for further proceedings.

**REVERSED AND REMANDED.**

11