**ROGER P. WILLIAMS**       *      **NO. 2019-CA-0894**

**VERSUS**      *

     **COURT OF APPEAL**

**KELLY WOOD AND**      *
**MICHAEL R. WOOD, ABC**      **FOURTH CIRCUIT**
**INSURANCE COMPANY,**      *
**PAUL DILEO AND A HOME**      **STATE OF LOUISIANA**
**CHECK BY PAUL DILEO, LLC**   * * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-09739, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
* * * * * *
**Judge Paula A. Brown**
* * * * * *
(Court composed of Judge Terri F. Love, Judge Daniel L. Dysart, Judge Paula A. Brown)

**DYSART, J., CONCURS IN THE RESULT**

Regel L. Bisso
Robert G. Miller, Jr.
BISSO & MILLER, L.L.C.
Favrot & Shane Building
3925 N. I-10 Service Road W., Suite 227
Metairie, LA 70002

     COUNSEL FOR PLAINTIFF/APPELLANT

Kyle Salvador Sclafani
THE LAW OFFICE OF KYLE S. SCLAFANI
4130 Canal Street, Suite A
New Orleans, LA 70119

     COUNSEL FOR DEFENDANT/APPELLEE

         **APPEAL CONVERTED TO WRIT;**
         **WRIT GRANTED; REVERSED**
         **March 25, 2020**

PAB, TFL

This appeal stems from a petition seeking damages filed by the Plaintiff/Appellant, Roger P. Williams, the homeowner, against the Defendants/Appellees, Kelly and Michael R. Wood, the builders, regarding Mr. Williams' purchase of a residential double from the Woods. In the first supplemental, amended, and re-stated petition (the "Petition"), Mr. Williams set forth three grounds to support his claims for damages: (1) the New Home Warranty Act ("NHWA");[1] (2) professional negligence; and (3) the Louisiana Unfair Trade Practices Act. The Woods filed a dilatory exception of prematurity regarding Mr. Williams' claims under the NHWA, and a peremptory exception of no cause of action as to Mr. Williams' claims under the Louisiana Unfair Trade Practices Act. A hearing on the exceptions was held on July 19, 2019. On July 29, 2019, the district court signed the judgment sustaining the Woods' exception of prematurity, dismissing, without prejudice, Mr. Williams' claims under the NHWA. In addition, the district court sustained the Woods' exception of no cause of action,

---

[1] In *Barrack v. J.F. Day & Co.*, 07-0097, p. 5 (La. App. 4 Cir. 8/29/07), 966 So.2d 1064, 1067 this Court explained the legislative purpose for the NHWA, a breach of warranty action:

> The Louisiana legislature enacted the New Home Warranty Act in 1986, and amended it in 1999. La. R.S. 9:3141 expresses the legislature's purpose for the Act:
>
>> The legislature finds a need to promote commerce in Louisiana by providing clear, concise, and mandatory warranties for the purchasers and occupants of new homes in Louisiana and by providing for the use of homeowners' insurance as additional protection for the public against defects in the construction of new homes. This need can be met by providing a warranty for a new home purchaser defining the responsibility of the builder to that purchaser and subsequent purchasers during the warranty periods herein. The warranty, which is mandatory in most cases, shall apply whether or not building code regulations are in effect in the location of the structure, thereby promoting uniformity of defined building standards. Additionally, all provisions of this Chapter shall apply to any defect although there is no building standard directly regulating the defective workmanship or materials.

1

dismissing, without prejudice, Mr. Williams' claim under the Louisiana Unfair Trade Practices Act; the district court granted Mr. Williams thirty-days to supplement his Petition.[2] On appeal, Mr. Williams seeks review of the district court's judgment sustaining the Woods' exception of prematurity. For the reasons set forth below, we convert the appeal to a supervisory writ application, grant the writ application, and reverse the district court's ruling sustaining the Woods' exception of prematurity.

## PROCEDURAL POSTURE

The July 29, 2019 judgment dismissing Mr. Williams' NHWA claims is not a final judgment pursuant to La. C.C.P. art. 1915.[3] Rather, it is a partial final judgment, which was not designated as immediately appealable by the district court. *See* La. C.C.P. art. 1915(B). An appeal erroneously taken on a nonappealable judgment may be converted to an application for supervisory writ by the appellate court, but only when the motion for appeal has been filed within the thirty-day period allowed for the filing of an application for supervisory

---

[2] On August 20, 2019, Mr. Williams filed a second amended and supplemental and re-stated petition.

[3] La. C.C.P. art. 1915 provides in pertinent part:

> B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
> (2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

writ under Rule 4-3 of the Uniform Rules—Courts of Appeal.[4] *See Ordoyne v. Ordoyne,* 07-0235, p. 4 (La. App. 4 Cir. 4/2/08), 982 So.2d 899, 902. In the case *sub judice*, the motion for appeal was filed within thirty days of the date of the signed judgment; thus, it was timely filed pursuant to Rule 4-3. Accordingly, we convert the instant appeal to an application for supervisory writ.

## FACTUAL AND PROCEDURAL HISTOY

The facts and previous procedural history were set forth in *Williams v. Wood*, 17-1049, pp. 1-2 (La. App. 4 Cir. 10/31/18), 258 So.3d 834, 836-37, *writ denied*, 18-1946 (La. 1/28/19), 262 So.3d 902:

> In 2014, the Woods commenced construction of a residential double (the "Property") located at 6219-21 Vermillion Boulevard in New Orleans. Mr. Wood, a naval architect and marine engineer, prepared the plans and specifications. Upon completion on December 29, 2014, the Woods rented out the Property before selling it to Mr. Williams on January 19, 2016. A home inspection, performed prior to the sale by Paul DiLeo and A Home Check by Paul Dileo, LLC, found no evidence of any structural defects.

> Subsequent to the purchase of the Property, Mr. Williams claims to have noticed vibrations and other signs of structural problems sufficient to cause him to hire a structural engineer to perform an inspection. He further claims that the inspection, conducted by Gurtler Bros. Consultants, Inc. on August 2, 2016, identified numerous structural defects in connection with the foundation.

> On September 29, 2016, Mr. Williams filed a Petition in Redhibition, Breach of Contract, Breach of Duty and Negligence [("petition in redhibition")].[5] Specifically, the petition alleges a claim against the Woods in redhibition, and individually against Mr. Wood for professional negligence, as the engineer responsible for the design.

---

[4] Rule 4-3 of the Uniform Rules-Courts of Appeal provides that "[t]he return date in civil cases shall not exceed 30 days from the date of notice, as provided in La. C.C.P. art. 1914."

[5] An action in redhibition is a contractual action. *See Touro Infirmary v. Sizeler Architects*, 04-0634, pp. 9-10 (La. App. 4 Cir. 3/23/05), 900 So.2d 200, 205-06 (wherein this Court held that a redhibition action is a contractual action).

3

In response, the Woods filed an exception of no cause of action arguing that Mr. Williams' exclusive remedy falls within the New Home Warranty Act ("NHWA"), not in redhibition.

The Woods also filed an exception arguing that Mr. Williams has no right of action, and that the petition states no cause of action, against Mr. Wood for professional negligence.

The matter was heard October 6, 2017. The judgment rendered October 23, 2017, granted the exceptions and dismissed Mr. Williams' action with prejudice. . . .

This Court affirmed the trial court's judgment sustaining the Woods' exception of no right of action holding that the NHWA applied and precluded Mr. Williams' redhibition claims. *Id.*, 17-1049, p. 7, 258 So.3d at 840. However, this Court reversed the portion of the trial court's ruling dismissing Mr. Williams' petition with prejudice and remanded the matter with instructions to allow Mr. Williams to amend his petition to plead a claim under the NHWA. In addition, this Court reversed the trial court's judgment sustaining the Woods' exception of no right of action and held Mr. Williams stated "a right of action and cause of action for professional negligence." *Id.*, 17-1049, p. 9, 258 So.3d at 841. On March 20, 2019, Mr. Williams filed his Petition, asserting for the first time claims under the NHWA, in addition to claims of professional negligence and violations under the Louisiana Unfair Trade Practices Act. In turn, the Woods filed an exception of prematurity as to Mr. Williams' claims under the NHWA, and the district court sustained the exception. This writ application follows.

**DISCUSSION**

Mr. Williams contends that the district court erred in sustaining his exception of prematurity and dismissing, without prejudice, his claims under the NHWA.

4

"The dilatory exception of prematurity is the procedural mechanism for challenging a cause of action on the grounds that it has not matured to the point where it is ripe for judicial determination." *Watson v. Woldenberg Vill., Inc.*, 16-0159, pp. 3-4 (La. App. 4 Cir. 10/5/16), 203 So.3d 317, 320 (citing La. C.C.P. art. 926 and *Burandt v. Pendleton Mem'l Methodist Hosp.*, 13-0049, pp. 5-6 (La. App. 4 Cir. 8/7/13), 123 So.3d 236, 240). "An action brought before the right to enforce it has accrued is premature." *Watson*, 16-0159, p. 4, 203 So.3d at 320 (citing *Burandt*, 13-0049, p. 6, 123 So.3d at 240). In *Landis Const. Co., LLC v. Reg'l Transit Auth.*, 15-0854, p. 6 (La. App. 4 Cir. 5/25/16), 195 So.3d 598, 602, this Court explained:

> [The exception of prematurity] is premised on the contention that a cause of action does not yet exist because of an unmet prerequisite condition. *Steeg v. Lawyers Title Ins. Corp.*, 329 So.2d 719, 720 (La.1976). It is usually utilized in cases in which the applicable law or contract provides an administrative procedure as a precondition for judicial action. *Girouard v. State Through Dep't of Educ.*, 96-1076, p. 4 (La. App. 1 Cir. 5/9/97), 694 So.2d 1153, 1155. It is determined by the facts existing at the time suit is filed. *Jefferson Door Co., Inc. v. Cragmar Const., L.L.C.*, 11-1122, p. 3 (La. App. 4 Cir. 1/25/12), 81 So.3d 1001, 1004.
>
> A judgment sustaining an exception of prematurity is usually reviewed for manifest error. [*Jefferson Door Co., Inc. v. Cragmar Const., L.L.C.*, 11-1122, p. 3 (La. App. 4 Cir. 1/25/12), 81 So.3d 1001, 1004]. However, when resolution of an exception of prematurity involves a question of law, the appellate court undertakes a *de novo* review. *See Burandt v. Pendleton Mem'l Methodist Hosp.*, 13-0049, p. 7 (La. App. 4 Cir. 8/7/13), 123 So.3d 236, 241. . . .

The burden of proving prematurity is on the party filing the exception. *Watson*, 16-0159, p. 4, 203 So.3d at 321. "Evidence may be introduced to support or controvert the exception [of prematurity], when the grounds do not appear from the petition." *Jefferson Door Co. v. Cragmar Const., L.L.C.*, 11-1122, p. 3 (La. App. 4 Cir. 1/25/12), 81 So.3d 1001, 1004 (citing La. C.C.P. art. 930). "Where no

evidence is presented at trial of a dilatory exception, like prematurity, the court must render its decision on the exception based upon the facts as alleged in the petition, and all allegations therein must be accepted as true." *LaCoste v. Pendleton Methodist Hosp., L.L.C.*, 07-0008, p. 8 (La. 9/5/07), 966 So.2d 519, 525 (citation omitted). In the case *sub judice*, no evidence was introduced by the parties at the hearing on the exception. As such, this Court is compelled to render its decision based upon the facts as alleged in Mr. Williams' Petition.

*New Home Warranty Act*

The prerequisites of the NHWA are (1) to give the builder timely notice of the alleged defects and (2) to give the builder a reasonable opportunity to comply with the NHWA:

> Before undertaking any repair himself or instituting any action for breach of warranty, the owner shall give the builder written notice, by registered or certified mail, within one year after knowledge of the defect, advising him of all defects and giving the builder a reasonable opportunity to comply with the provisions of this Chapter.

La. R.S. 9:3145(A).

Although Mr. Williams concedes that he did not provide the Woods with written notice of the defects by certified or registered mail, he asserts that case law supports that that failure of the homeowner to do so does not preclude the homeowner from filing a claim under the NHWA as long as the builder had actual notice of the defects, citing *Cupit v. Hernandez*, 45,670 (La. App. 2 Cir. 9/29/10), 48 So.3d 1114, *Frank v. Tran*, 07-983 (La. App. 3 Cir. 1/30/08), 974 So.2d 861, and *Barrack v. J.F. Day & Co. Inc.*, 07-0097 (La. App. 4 Cir. 8/29/07), 966 So.2d 1064.[6] Mr. Williams argues that actual notice was provided to the Woods. In his

---

[6] Additionally, Mr. Williams argued that notice was given to Mr. Wood when Mr. Wood came to the home to fix the appliances, and Mr. Williams informed Mr. Wood that the home swayed. At

Petition, Mr. Williams alleged that "[n]otice of the defects was given to the builder through filing of the original [p]etition [in redhibition] . . . ."

The Woods counter that notice of the defects was not given by registered or certified mail as required by La. R.S. 9:3145(A), and the filing of the suit by Mr. Williams "cannot be considered 'notice' as a matter of law."

The district court found the cases cited by Mr. Williams distinguishable. Noting that "in the First Amended and Supplemental and Re-Stated Petition Mr. Williams states, 'Notice of the defects was given to the builder through the filing of the original Petition in Redhibition, the Breach of Contract, the Breach of Duty and Negligence, which was filed on November 7, 2016,'" the district court rejected Mr. Williams' argument that notice was adequate,[7] As the district court made a legal finding, a *de novo* review is appropriate.

This Court in *Barrack*, 966 So.2d 1064, determined that the homeowner should not be strictly held to the requirements of La. R.S. 9:3145(A) if the builder had timely notice of the alleged defects. In *Barrack*, the homeowners gave timely verbal notice to the builder of the alleged defects within the time limit set forth in La. R.S. 9:3145(A), and they gave untimely written notice. The trial court held that because notice was untimely given by certified or registered mail, the builder

---

the hearing, counsel for Mr. Williams referred to an affidavit attached to his opposition memorandum wherein Mr. Williams attested to the conversation between him and Mr. Wood. However, the affidavit was not admitted into evidence, and Mr. Williams did not allege this conversation in his Petition. In *Denoux v. Vessel Mgmt. Servs., Inc.,* 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88), the Louisiana Supreme Court stated that "[e]vidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." *Id.* (citations omitted). Thus, this ground cannot not be considered by this Court.

[7] The district court also found that the alleged conversation between Mr. Williams and Mr. Wood that the house "swayed" was not adequate notice. However, as discussed *supra*, this ground was not alleged in the Petition and no evidence of the conversation was introduced into evidence at the hearing on the exception.

7

was entitled to summary judgment and dismissed the homeowners' NHWA claims.

This Court reversed the trial court's judgment writing:

> [I]n *Carter* [v. *Duhe,* 05-0390 (La. 01/19/06), 921 So.2d 963], the Supreme Court stated: "The legislature decided the builder should not be responsible for defects of which he **was never made aware and never given the chance to remedy** in accordance with the standards of the NHWA. **Without notice of defects, the builder is deprived of the more economically sound and judicially efficient alternative, i.e., the opportunity to cure the defects, an alternative in accord with the legislative intent to promote commerce and stability.**" (emphasis added.)
>
> * * *
>
> Louisiana Revised Statute 9:3144 sets forth the warranties and exclusions of the NHWA. Section B provides that "[u]nless the parties otherwise agree in writing, the builder's warranty shall exclude the following items: . . ." The subsections pertinent to this litigation are Section B(4), B(4)(c) and B(16):
>
> > B(4) Any damage to the extent it is caused or made worse by any of the following:
> > * * *
> > 4)(c) Failure by the owner to give written notice by written or registered mail to the builder of any defect within the time set forth in R.S. 9:3145. However, the provisions of this Subparagraph shall not be construed to change either the warranty periods enumerated in Subsection A of this Section or the notice requirements provided by R.S. 9:3145.
> > * * *
> > B(16) Any defect not reported in writing by registered or certified mail to the builder or insurance company, as appropriate, prior to the expiration of the period specified in Subsection A of this Section for such defect plus thirty days.
>
> Louisiana Revised Statute 9:3145 provides for the notice requirements applicable to both the builder and the homeowner:
>
> > Before undertaking any repair himself or instituting any action for breach of warranty, the owner shall give the builder written notice, by registered or certified mail, within one year after knowledge of the defect, advising him of all defects and giving the builder a reasonable opportunity to comply with the provisions of this Chapter. The builder shall give the owner written notice

of the requirements of this Chapter at the time of the closing.

When read together, these subparts provide that unless agreed to in writing, the builder's warranty shall exclude any damage to the extent **it is caused or made worse by failure of the owner to give written notice** of any defect within a reasonable time, which is prior to the expiration of one year plus thirty days. La. R.S. 9:3145 instructs that this notice shall be given prior to the owner trying to repair the defect himself, or filing suit for breach of warranty.

\* \* \*

We find that the [homeowners'] verbal notice of the defects in their home, given in a timely manner, afforded [builder], the opportunity to remedy the defects. The [homeowners] were in compliance with the meaning and intent of the New Home Warranty Act, and should not be precluded from pursuing an action against [the builder], for any actions not perempted by the statute. . . .

*Barrack*, 07-0097, pp. 6-7, 966 So.2d 1064, 1066-68 (emphasis supplied).

Additionally*,* in *Frank*, the Third Circuit, referencing *Barrack*, reached a similar conclusion writing:

Without question, La. R.S. 9:3145 requires that an owner provide written notice [of] defects by "registered or certified mail." These are the clear and explicit words of the statute. However, Article 9 of the Louisiana Civil Code instructs that:

When a law is clear and unambiguous *and its application does not lead to absurd consequences,* the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.

(Emphasis added.)

In this instance, a determination that [the homeowner] is precluded from pursuit of his New Home Warranty Act claims for failure to provide this type of technical notice in the face of actual verbal and written notice would lead to an absurd consequence. . . .

*Frank,* 07-983, p. 8, 974 So.2d at 866-67. Furthermore, in *Cupit*, 48 So.3d 1114, the Second Circuit reasoned, "[NHWA] was not enacted to allow a builder to shield himself from liability for numerous defects, of which he had actual knowledge and actual time to remedy, merely because the defects may not have

9

been itemized in a timely written notice." *Id.*, 45,670, p. 5, 48 So.3d at 1119 (citing *Graf v. Jim Walter Homes, Inc.*, 97-1143, p. 5 (La. App. 1 Cir. 05/15/98), 713 So.2d 682, 687).[8]

A timeline of events as reflected in the appellate record are useful for our *de novo* review:

- January 19, 2016, Mr. Williams purchased the home from the Woods.
- September 29, 2016, Mr. Williams filed a petition in redhibition setting forth in detail the alleged defects.
- October 14, 2016, the Woods were served with the petition in redhibition.
- May 22, 2017, the Woods filed an exception of no right of action which was granted, wherein the Woods asserted Mr. Williams' remedy, if any, did not lie in redhibition but under the NHWA.
- October 31, 2018, on appeal, this Court affirmed the district court's judgment sustaining the exception of no right of action and remanded the matter with instructions to allow Mr. Williams to amend his petition to plead NHWA claims.
- March 20, 2019, Mr. Williams filed his Petition to include the NHWA claims and alleged notice of the defects was given to the Woods in the petition of redhibition.
- April 26, 2019, the Woods filed the exception of prematurity arguing the perquisites of La. R.S. 9:3145(A) were not met.

Based upon the record before this Court and the applicable law, we conclude that Mr. Williams was in compliance with the meaning and intent of the NHWA. Before filing his Petition asserting breach of warranty, Mr. Williams gave timely notice of the alleged defects through service of the petition in redhibition,[9] wherein

---

[8] *Compare Siragusa v. Bordelon*, 15-1372, p. 10 (La. App. 1 Cir. 4/15/16), 195 So.3d 100, 107 (wherein the First Circuit held the trial court correctly dismissed the homeowners' NHWA claims when the record lacked any evidence showing that the homeowners actually notified the builder of any defective workmanship or dissatisfaction with the construction of the house or specifically requested repair of the areas they claimed were defective).

[9] Mr. Williams alleged in the petition in redhibition that: (1) he purchased the home from the Woods in January of 2016; (2) after the purchase "he noticed vibrations and other signs of structural problems . . . ."; (3) on August 2, 2016, an inspection was conducted by a structural engineer employed by Gurtler Brothers Consultants, Inc. which revealed "numerous defects in the structure of the property"; and (4) listed the defects which included the following:

the alleged defects were listed. In addition, it is noteworthy that the Woods, in response to Mr. Williams' petition for redhibition, first sought this Court's intervention for Mr. Williams' claims to be brought under the NHWA, which this Court agreed.

Next, Mr. Williams argues that the Woods had a reasonable opportunity to comply with the NHWA. Mr. Williams asserts that the Woods had two and one-half years between the filing of the petition in redhibition setting forth the defects, and his Petition asserting the NHWA claims "to remedy or repair the defects . . . ." Mr. Williams contends that "there is nothing in the record to suggest that [he] denied [the] Woods an opportunity to remedy the defects."

In opposition, the Woods respond that they were deprived an opportunity to comply with the NHWA and remedy the alleged defects, if any, before Mr. Williams filed a suit for "breach of warranty." In support, the Woods rely on

---

a. Interior load-bearing walls on the first and second floors of the structure which are not in alignment with the center pilings and beams;
b. Overstressed joists in the structure which exceed minimum deflection design criteria;
c. Obvious and discernible flexing of the floor framing that results in vibration of the flooring system and cracks in the sheetrock, which conditions are far in excess of flexing and vibrations that are encountered in residential construction and which manifest a structural defect;
d. Deflection of the center of the framing system relative to the framing at the edges of the building;
e. Improper attachment of pilings to the sill;
f. Actual construction which deviates from the plans and specifications for the structure;
g. Pilings which are significantly out of alignment with respect to the structure and which are improperly notched;
h. Violations of the International Residential Code;
i. Lack of/or improper installation of flashing which does not adequately protect wall sheathing and has resulted in leaks in the structure;
j. Improper sealing and installation of air-conditioning ducts, soffit vents and insulation in the attic, as required by the current building code;
h. And in other respects to be shown at the trial of this matter.

*Carter v. Duhe*, 05-390, p. 7 (La. 1/19/06), 921 So.2d 963, 968, wherein the Supreme Court explained:

> The legislature decided the builder should not be responsible for defects of which he was never made aware and never given the chance to remedy in accordance with the standards of the NHWA. Without notice of defects, the builder is deprived of the more economically sound and judicially efficient alternative, i.e., the opportunity to ensure the defects, an alternative in accord with the legislative intent to promote commerce and stability. . . .

The district court found that Mr. Williams did not provide "any evidence showing that he gave the [Woods] a reasonable opportunity to repair the alleged defect."

However, it is well-settled that the Woods, as the mover of the exception of prematurity, had the burden to prove that Mr. Williams denied them a chance to comply with the NHWA. *Watson*, 16-0159, p. 4, 203 So.3d at 321. Our review of the record reveals the Woods failed to offer, file or introduce any evidence to show they were denied the opportunity to comply with the NHWA to remedy the alleged defects.

After a *de novo* review, we conclude Mr. Williams gave the Woods timely notice of the alleged defects and an opportunity to remedy the alleged defects before filing suit for breach of warranty; thus, the prerequisites of La. R.S. 9:3145 were met. Accordingly, the district court erred in sustaining the Woods' exception of prematurity.

## CONCLUSION

Mr. Williams' appeal is converted to a writ application, the writ application is granted, and the district court's ruling sustaining the Woods exception of prematurity is reversed.

12

**APPEAL CONVERTED TO WRIT;**
**WRIT GRANTED; REVERSED**